NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, as trustee for the registered holders of MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-HE5 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-HE5**<br><br>Plaintiff,<br><br>v.<br><br>**PAUL ONYEWUENYI a/k/a PAUL I. ONYEWUENYI, et al.,**<br><br>Defendants. | Civil Action No. 14-3591 (WJM)<br><br>**REPORT AND RECOMMENDATION** |

**FALK, U.S.M.J.**

　　Before the Court is Plaintiff's motion to remand this case to state court. [CM/ECF No. 2.] The motion is opposed. The Honorable William J. Martini, U.S.D.J. has referred the motion to the Undersigned. The Court decides it on the papers. Fed.R.Civ.P. 78. For the reasons discussed below, it is respectfully recommended that Plaintiff's motion to remand be **granted**.

## BACKGROUND

This is a foreclosure action.  This case has somewhat of a protracted procedural history.  Plaintiff Deutsche Bank National Trust Company ("Plaintiff" or "Deutsche Bank") owns and holds a note and mortgage executed by Defendant Paul Onyewuenyi ("Defendant" or "Onyewuenyi") relative to property located in Hillside, New Jersey.  Deutsche Bank originally filed its foreclosure Complaint on July 27, 2012 in the Superior Court of New Jersey.  (Declaration of Stephanie A. Sgambati ("Sgambati Decl.") Ex. A.)  Onyewuenyi removed the action to this Court on December 26, 2012, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on grounds of federal question and diversity jurisdiction.  Deutsche Bank moved to remand.  On July 11, 2013, Hon. Dennis M Cavanaugh, U.S.D.J. granted Deutsche Bank's motion and remanded the case upon finding, *inter alia*, that removal was untimely and prohibited by 28 U.S.C. § 1441(b)(2).[1]  (Sgambati Decl. Ex. E.)

On November 18, 2013, Plaintiff filed an Amended Complaint.  Defendants Paul Onyewuenyi, Helen Onyewuenyi and Charles Ihediohanma ("Defendants") were served with the Amended Complaint on November 19, 2013.  (Sgambati Decl. Ex. G, H, I.)  On June 4, 2014, Onyewuenyi again removed the case to this Court on grounds of federal question and diversity jurisdiction claiming that jurisdiction exists due to "the threatened

---

[1] 28 U.S.C. § 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

actual taking of title and rights to deeded real property without due process and on ancillary state law violations and grounds." (Notice of Removal.)  On June 12, 2014, Plaintiff filed a motion to remand arguing that (1) removal was untimely, (2) Onyewuenyi removed the case previously on the same grounds which was denied, and (3) the parties are not diverse and removal would otherwise be improper under 28 U.S.C. § 1441(b)(2).  Onyewuenyi opposes the motion principally arguing that he intends to file a purportedly related action which he will seek to consolidate with this case, and that both should be heard together in the interests of economy.[2]

## DISCUSSION

**A.  Removal Generally**

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 1446(b), the defendant seeking to remove the case must filed a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading."  28 U.S.C. § 1446(b).  When a civil action is removed solely under section 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the

---

[2] He also requests a "continuance" of this motion to permit the filing of the new complaint.

action." 28 U.S.C. § 1446(b)(2)(A).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).  Removal is strictly construed and all doubts are resolved in favor of remand.  See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).  A district court may remand a case for a defect in the removal procedure.  See Lee v. Genuardi's Family Markets, L.P., No. 10-1641, 2010 WL 2869454, *1 (D.N.J. July 19, 2010) (citing PAS v. Travelers Ins.Co., 7 F.3d 349, 352 (3d Cir. 1993)).

**B.**     **Analysis**

    **1. Removal was untimely**

28 U.S.C. § 1446(b)(1)[3] requires a removing defendant to file a notice of removal within thirty days of service of a complaint.  See Hayden Asset VI, LLC v. Silvio Desouza, LLC, No. 13-3915, 2014 WL 1056498 (D.N.J. February 25, 2014) (citing Di Loreto v. Costigan, 351 F. App'x 747, 751 (3d Cir. 2009)).  Onyewuenyi was served with the Amended Complaint on November 19, 2013.  (Sgambati Decl. Ex. G.)  Onyewuenyi removed the case on June 4, 2014, more than 6 months after he was served with the amended pleading.  (CM/ECF No. 1.)  Defendant failed to remove this case within the 30-day statutory removal period.  His removal was defective and the case should be remanded.  See Lee, 2010 WL 2869454, *1 (citing PAS v. Travelers Ins.Co., 7 F.3d 349,

---

    [3] 28 U.S.C. § 1446(b)(3) contains a similar 30-day removal period for amended pleadings.

352 (3d Cir. 1993)).

### 2. No diversity jurisdiction

The forum defendant rule, codified at 28 U.S.C. § 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of the [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b)(2); see also Hayden Asset VI, 2014 WL 1056498 at *3.  Onyewuenyi previously removed this case on December 26 2012, on grounds of diversity jurisdiction.  The Court remanded the matter on July 11, 2013, finding that Defendant was a citizen of New Jersey and therefore was statutorily barred by 28 U.S.C. § 1441(b)(2). (Sgambati Decl. Ex. E.)  Defendant has again removed this case on grounds of diversity.  Defendant resides in New Jersey and therefore is prohibited by 28 U.S.C. § 1441(b)(2) from removing the action from New Jersey state court to federal court.[4]  Remand is proper.[5]

---

[4]Proof of service submitted in support of remand indicates Defendant resides in New Jersey.  (Sgambati Decl. Ex. H.)

[5]Defendant's Notice of Removal also refers to "federal question jurisdiction" as a basis for removal.  There is no federal question jurisdiction in this case for a number of reasons.  First, the Complaint is a straightforward foreclosure action filed in state court.  A determination as to whether the Complaint contains a federal question is based on the well-pleaded allegations as *Plaintiff* frames them in the Complaint.  See Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808 (1986); see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vac. Tr. for S. Cal., 463 U.S. 1, 9 (1983).  Neither a defense nor counterclaim can serve as the basis for removal. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Defendant's attempted re-characterization of Plaintiff's Complaint and his suggestion about what the case may ultimately involve is an insufficient basis to create federal question jurisdiction.  Second, Judge Cavanaugh already remanded this case despite Plaintiff's allegations of a federal question.  Finally, if accepted, Defendant's argument would transform every state court foreclosure action into a federal question claim and greatly expand the category of removable cases.  This is plainly not

## CONCLUSION

For the reasons set forth, it is respectfully recommended that Plaintiff's motion to remand be **GRANTED**.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**Dated: August 13, 2014**

---

the law.